Tommy Anthony CRUZ, Petitioner–Appellant,

v.

George HERMAN, Warden; Arizona Attorney General, Respondents–Appellees.

No. 99–17519.

D.C. No. CV–98–00896–SMM.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.*

Decided June 21, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Petitioner's request for oral arguments is denied.

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Tommy Anthony Cruz, a California state prisoner, appeals from the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his convictions for second-degree murder and assault. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

We review the district court's denial of a 28 U.S.C. § 2254 habeas petition de novo. See *Dows v. Wood,* 211 F.3d 480, 484 (9th Cir.2000). Cruz bears the burden of showing that the state court adjudication of the merits of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000); *Van Tran v. Lindsey,* 212 F.3d 1143, 1153–54 (9th Cir.2000) (defining "unreasonable application" as involving situations where the state court has committed clear error).

** This disposition is not appropriate for publication and may not be cited to or by the

Cruz contends that his right to due process was violated when the Arizona trial court, at his trial for first degree murder, allowed the reading of jury instructions as to the lesser included offenses of second degree murder and manslaughter, over his objection. We reject Cruz's contention because a lesser-included offense instruction is available in equal measure to the defense and to the prosecution. *Schmuck v. United States,* 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). We, therefore, cannot say that the trial court's decision to include the lesser offense instructions over Cruz's objection was contrary to, or an unreasonable application of federal law. *Id; Williams,* 120 S.Ct. at 1523.

AFFIRMED.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.